SEYFARTH SHAW LLP
Laura Wilson Shelby (SBN 151870)
lshelby@seyfarth.com
Jamie C. Chanin (SBN 244659)
jchanin@seyfarth.com
Jennifer J. Wiegley (SBN 262953)
jwiegley@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

Attorneys for Defendant/Cross-Complainant
COSTCO WHOLESALE CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAD THOMAS,<br><br>Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION and DOES 1 through 10, inclusive,<br><br>Defendant.<br><br>COSTCO WHOLESALE CORPORATION,<br><br>Cross-Complainant,<br><br>v.<br><br>SHAD THOMAS,<br><br>Cross-Defendant. | Case No. SACV 13-00275 DOC (JPRx)<br><br>[*Hon. David O. Carter, Ctrm 9D*]<br><br>**DEFENDANT COSTCO WHOLESALE CORPORATION'S NOTICE OF MOTION AND MOTION IN LIMINE # 1 TO EXCLUDE EVIDENCE OF ITS FINANCIAL CONDITION; DECLARATION OF JAMIE C. CHANIN**<br><br>[Filed concurrently with [Proposed] Order]<br><br>Date: March 14, 2014 (per Order dated 3/6/2014)<br>Time: 7:30 a.m.<br>Ctrm: 9D<br><br>Complaint Filed: 1/10/13<br>Trial: 3/18/14 |

TO THE HONORABLE COURT, INTERESTED PARTIES AND ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on March 14, 2014, at 7:30 a.m. (per Order dated March 6, 2014), or as soon thereafter as the matter may be heard, in the above-captioned Court, located at 411 W. Fourth Street, Santa Ana, California, in Courtroom 9D before the Honorable David O. Carter, Defendant Costco Wholesale Corporation ("Costco") will and hereby does move *in limine* for an order precluding the admission of any and all evidence related to the size, financial condition, and net worth of Costco (including pharmacy profits) and, specifically, precluding Plaintiff, and his attorney or his witnesses, from introducing, attempting to introduce, arguing, mentioning, or referring in any way at trial to such evidence.

This motion is made on the grounds that, unless there is a finding warranting punitive damages, this evidence is irrelevant and its probative value is substantially outweighed by the likelihood that it will unfairly prejudice Costco, confuse the jury, and unduly consume the Court's time. Therefore, all such evidence and references should be excluded under Rules 402 and 403 of the Federal Rules of Evidence. The Court should bifurcate consideration of punitive damages pending a finding of malice, oppression or fraud, and exclude evidence of Costco's size, net worth and financial condition until the punitive damages phase of the trial, if any.

This motion is made following the conference of counsel pursuant to Local Rule 7-3 on February 27 and March 4, 2014. *See* Declaration of Jamie C. Chanin, *infra*, ¶¶ 3-5.

This motion is based upon this notice, the attached Memorandum of Points and Authorities, the attached Declaration of Jamie C. Chanin, the pleadings,

records and files in this action, and any oral and documentary evidence as may be presented at the hearing on this motion.

DATED: March 6, 2014

SEYFARTH SHAW LLP

By: /s Jamie C. Chanin

Laura Wilson Shelby
Jamie C. Chanin
Attorneys for Defendant/Cross-Complainant
COSTCO WHOLESALE CORPORATION

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. RELEVANT FACTS AND SUMMARY

Plaintiff Shad Thomas wanted to be fired. After taking an extended leave of absence, Thomas showed up to work on July 27, 2012 wearing a shirt depicting a doctor behind bars crying, with the words "JUSTICE" and "PILLS KILL" in all capitals below and above the picture. That day, multiple Costco managers told Thomas that this shirt was not appropriate for work because it was controversial and did not comply with Costco's conservative dress code. They told Thomas that he should not wear this shirt or any similar shirt to work again. He just needed to wear the same plain type of shirt that he had been wearing to work at Costco for his entire 20-year employment.

Thomas decided to ignore management's clear instructions. For his very next shift, on July 30, 2012 Thomas came to work again wearing the same "PILLS KILL" shirt. He received a write-up and a short suspension. The next time Plaintiff was scheduled to work, August 10, 2012, he again wore the "PILLS KILL" shirt. Understanding that Thomas intentionally refused to comply with his managers' directions, Costco justifiably terminated Thomas' employment for willful insubordination on August 15, 2012.

Thomas has now sued and alleges that he was not terminated for repeated insubordination, but rather in retaliation for complaints he lodged several years earlier regarding the Irvine pharmacy. Without any supporting evidence, he speculates that the decision-makers were part of a national scheme to fire him to protect Costco's pharmacy profits.

Costco anticipates that Thomas will attempt to introduce evidence at trial regarding Costco's size, financial condition, and overall net worth. This evidence should be excluded because the Court should bifurcate consideration of the amount of punitive damages from the remainder of trial, the evidence is irrelevant to any issue other than the amount of punitive damages, and the probative value of this

evidence is substantially outweighed by the likelihood that it will unfairly prejudice Costco and waste the Court's time.

## II. LEGAL ARGUMENT

### A. Consideration of Punitive Damages Should be Bifurcated

California Civil Code Section 3295(d) provides: "[t]he court shall, on application of any defendant, preclude the admission of evidence of that defendant's profits or financial condition until after the trier of fact returns a verdict for plaintiff awarding actual damages and finds that a defendant is guilty of malice, oppression, or fraud in accordance with Section 3294." *See also Las Palmas Associates v. Las Palmas Center Associated*, 235 Cal. App. 3d 1220, 1234-41 (1991) (Section 3295 calls for mandatory severance on the moving party's application). Accordingly, Costco hereby applies for bifurcation of consideration of punitive damages from the remainder of the case.

### B. The Evidence is Inadmissible Because It Is Irrelevant.

Federal Rule of Evidence 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Rule 402 provides, in pertinent part, that "[e]vidence which is not relevant is not admissible." Fed. R. Evid. 402.

Here, any evidence of, or reference to, Costco's financial condition or overall net worth is irrelevant. Plaintiff alleges claims for retaliation and wrongful termination based on his discharge from Costco. Costco's size, financial condition, and overall net worth have no bearing on any element of these claims.

Such evidence is relevant only to Plaintiff's claim for punitive damages. As set forth above, mention and consideration of punitive damages is irrelevant until and unless liability for such damages has been established. Therefore, Costco requests the Court preclude evidence of size, financial condition or net worth,

pending a finding by the jury that an officer, director or managing agent of Costco engaged in malice, fraud or oppression.

To the extent Thomas intends to mention pharmacy revenue or profits, this is also irrelevant. Thomas would not stipulate to exclude evidence of Costco's net worth and financial condition because he intends to tell the jury at trial that Costco fired him to protect its "four billion dollars" in pharmacy profits. Thomas must not be permitted to bandy about this gigantic number, which is not relevant to any of his claims.

First, the pharmacy profits include profits for all over-the-counter items (i.e., Tylenol and similar pain medications, cold medicine, first aid, vitamins, etc.), not just prescriptions. Similarly, the total pharmacy profits reflect profits from many prescriptions other than prescriptions for controlled substances, such as antibiotics, blood pressure medications, allergy medicine, cholesterol medication, antacids, diabetes medication and synthetic hormones. The vast majority of the total pharmacy profits has nothing whatsoever to do with controlled substances like narcotics.

Second, Thomas cannot show that the company-wide pharmacy profits had any bearing on his termination. He has no evidence that the decision-makers, who received bonuses based partly on overall sales of all merchandise in their assigned warehouse(s), could have been motivated by national pharmacy sales. For each decision-maker, sales of all prescription drugs (not just narcotics) account for less than 0.1 percent of their annual compensation. *See* Reply to Plaintiff's Opposition to Costco's Separate Statement of Uncontroverted Facts (Docket No. 39-1), Fact 52 (and supporting declarations). Consequently, the fact that Costco made four billion dollars from pharmacy sales across the country does not tend to prove that these decision-makers were motivated by some company-wide scheme to protect these profits. This irrelevant evidence should be excluded.

### C. The Evidence Should Also Be Excluded Under Rule 403 of The Federal Rules of Evidence.

Federal Rule of Evidence 403 permits the Court, in its discretion, to exclude any evidence if its "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Courts "presume" prejudice from the introduction of evidence about wealth. "[T]he presentation of evidence of a defendant's net worth creates the potential that juries will use their verdicts to express biases against big businesses, particularly those without strong local presences." *Honda Motor Co. v. Oberg*, 512 U.S. 415, 432 (1994).

Here, the non-existent probative value of any evidence of, or reference to, Costco's financial condition or overall net worth is substantially outweighed by the likelihood that it would cause unfair prejudice to Costco by encouraging the jury to take money from a large corporate defendant and to award it to Thomas, even if Thomas fails to prove that he is entitled to any recovery and fails to prove any wrongdoing on Costco's part. Further, this evidence will unnecessarily waste the Court's time, as this evidence has no bearing on the merits of the dispute. *See Tennison v. Circus Circus Enters., Inc.*, 244 F.3d 684 (9th Cir. 2000) (holding evidence properly excluded because it "presented a legitimate and substantial risk of unfair prejudice to Defendants" and the risk of "unfair prejudice substantially outweighed the probative value").

The same is true with the "four billion dollars" in pharmacy profits. If the jury hears this huge number, they will know that Costco's total net worth is exponentially greater and will likely feel compelled to award a large amount to Thomas, regardless of the merits of his claims or the appropriate valuation of his alleged damages. Given the miniscule probative value of this total pharmacy profit number, if any, the potential prejudice is too great to allow this irrelevant information into evidence.

**III. CONCLUSION**

For each of the foregoing reasons, Costco requests that: the consideration of punitive damages be bifurcated from the remainder of the case; evidence regarding Costco's financial condition, overall profits, pharmacy profits, or net worth be admitted only after a finding of malice, oppression or fraud by an officer, director or managing agent of Costco; and, pending such a finding, Plaintiff, his attorney and his witnesses are precluded from introducing, attempting to introduce, arguing, mentioning, or referring in any way at trial to Costco's size, financial condition, profits, or net worth.

DATED: March 6, 2014

SEYFARTH SHAW LLP

By: /s Jamie C. Chanin

Laura Wilson Shelby
Jamie C. Chanin
Attorneys for Defendant/Cross-Complainant
COSTCO WHOLESALE CORPORATION

# DECLARATION OF JAMIE C. CHANIN

I, Jamie C. Chanin, declare and state as follows:

1. I am an attorney licensed to practice law in the State of California and am an associate with the law firm of Seyfarth Shaw LLP, attorneys of record for defendant Costco Wholesale Corporation in the above-referenced case.

2. I have personal knowledge of the matters set forth herein, and, if called as a witness, I could and would competently testify thereto.

3. On February 27, 2014, I directed my assistant to send my meet and confer letter regarding Costco's anticipated motions *in limine* to plaintiff Shad Thomas' attorney, Rich Collins. True and correct copies of the email sent to Mr. Collins, and the attached letter, are attached hereto as Exhibit "A."

4. I spoke with Mr. Collins over the telephone on March 4, 2014. We discussed the substance and grounds for Costco's anticipated motions *in limine*. We did not come to an agreement on the instant Motion.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct. Executed on this 6th day of March, 2014, in Los Angeles, California.

/s/ Jamie C. Chanin

# Exhibit A

Exhibit A    Exhibit A    Exhibit A    Exhibit A    Exhibit A

**Wasko, Denise**

| | |
|---|---|
| **From:** | Wasko, Denise |
| **Sent:** | Thursday, February 27, 2014 4:59 PM |
| **To:** | 'rcollins@bergerkahn.com' |
| **Cc:** | Chanin, Jamie C |
| **Subject:** | Shad Thomas v. Costco Wholesale Corporation |
| **Attachments:** | COSTCO Thomas Ltrt Collins.pdf |

Dear Mr. Collins,

Please find attached correspondence from Jamie Chanin with respect to the above-referenced matter. The original will follow via US Mail.

Regards,

-D.

**Denise R. Wasko-Peña | Seyfarth Shaw LLP**
Legal Secretary to George E. Preonas, Gaye E. Hertan, Andrew M. Paley
and Jamie C. Chanin
One Century Plaza | 2029 Century Park East | Suite 3500
Los Angeles, California 90067-3021
Direct Dial: (310) 201-9257
Telephone: (310) 277-7200 | Fax: (310) 201-5219
dwasko@seyfarth.com| www.seyfarth.com

Please consider the environment before printing.

Diversity at Seyfarth
Individual by nature.
Bound by character.

SEYFARTH ATTORNEYS SHAW LLP

2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
(310) 277-7200
fax (310) 201-5219
www.seyfarth.com

Writer's direct phone
(310) 201-1549

Writer's e-mail
jchanin@seyfarth.com

February 27, 2014

**VIA ELECTRONIC TRANSMISSION AND U.S. MAIL**

Richard Collins, Esq.
rcollins@bergerkahn.com
BERGER KAHN
Post Office Box 19694
Irvine, CA 92623-9694

***Re: Shad Thomas v. Costco Wholesale Corporation***

Dear Mr. Collins:

Please allow this letter to serve as an effort further to Central District Local Rule 7-3 regarding Costco's contemplated motions *in limine*:

1. A motion to exclude evidence of or reference to Costco's financial condition or net worth, the magnitude of Costco's operations, or Thomas' claim for punitive damages, pending a finding by clear and convincing evidence that a managing agent of Costco acted with fraud, malice, or oppression under Civil Code Sections 3294 and 3295. *See* Civ. Code § 3295(d) ("court shall, on application of any defendant, preclude the admission of evidence of that defendant's profits or financial condition until after the trier of fact returns a verdict for plaintiff awarding actual damages and finds that a defendant is guilty of malice, oppression, or fraud in accordance with Section 3294"); *Las Palmas Associates v. Las Palmas Center Associated*, 235 Cal. App. 3d 1220, 1234-41 (1991) (severance is mandatory on the moving party's application).

2. A motion to exclude the testimony of Plaintiff's expert Amy Oppenheimer. Ms. Oppenheimer's opinion regarding whether Costco's investigation of Plaintiff's pharmacy complaints conformed to human resources best practices is not relevant to any issue in the case. Specifically, the investigation is irrelevant because: (1) there is no failure to prevent cause of action; and (2) there is no evidence that the pharmacy employees responsible for conducting and overseeing the investigation had any role in the decision to terminate Thomas. Moreover, any minimal probative value is outweighed by the danger of unfair prejudice, delay and confusion. Fed. R. Evid. 401, 402, 403. Finally, this opinion is not proper because it will not help the trier of fact to understand the evidence or to determine a fact in issue. Fed. R. Evid. 702.

LONDON WASHINGTON, D.C. SAN FRANCISCO SACRAMENTO NEW YORK LOS ANGELES HOUSTON CHICAGO BOSTON ATLANTA

THIS LETTERHEAD IS PRINTED ON RECYCLED STOCK



3. A motion to exclude evidence of alleged unlawful pharmacy practices, including all pharmacy policies, pharmacy bonus information, pharmacy revenue and profits, and deposition testimony of Costco witnesses regarding pharmacy dispensing practices, pharmacy policies, pharmacy bonuses and pharmacy revenue and profits. Such evidence is not relevant to Thomas' case (especially in light of Costco's stipulation to the fact that Thomas had reasonable cause to believe, even if mistaken, that Costco was violating some statute or regulation), and any minimal probative value is outweighed by the danger of unfair prejudice, delay, and confusion. Fed. R. Evid. 401, 402, 403.

4. A motion to exclude the testimony of Plaintiff's expert Fred G. Weissman. Mr. Weissman's opinion on Costco's pharmacy policies and practices is not relevant to Thomas' case, and the probative value, if any, is outweighed by the danger of unfair prejudice, delay, and confusion. Fed. R. Evid. 401, 402, 403. Moreover, it is not an appropriate expert opinion under Federal Rule of Evidence 702.

5. A motion to exclude evidence of complaints by other employees to Costco that were unrelated to Shad Thomas or to the Irvine pharmacy. Such evidence is not relevant to Thomas' case, and any minimal probative value is outweighed by the danger of unfair prejudice, delay, and confusion. Fed. R. Evid. 401, 402, 403.

6. A motion to exclude evidence of subsequent DEA investigations and any government agency inquiries or investigations that do not involve the Irvine pharmacy. Such evidence is not relevant to Thomas' case, and any minimal probative value is outweighed by the danger of unfair prejudice, delay, and confusion. Fed. R. Evid. 401, 402, 403.

7. A motion to exclude evidence of criminal charges, convictions, suspensions, loss of licenses, and investigations surrounding doctors in the Southern California area. Such evidence is not relevant to Thomas' case, and any minimal probative value is outweighed by the danger of unfair prejudice, delay, and confusion. Fed. R. Evid. 401, 402, 403.

8. A motion to exclude any mention of purported "secret files" or allegations that Costco was hiding documents in this litigation. There is no evidence to support these false assertions. Moreover, such allegations are not relevant to Thomas' case, and any minimal probative value is outweighed by the danger of unfair prejudice, delay, and confusion. Fed. R. Evid. 401, 402, 403.

///

///

///

THIS LETTERHEAD IS PRINTED ON RECYCLED STOCK


Richard Collins, Esq.
February 27, 2014
Page 3

* * * * *

Please contact us to set up a meeting to discuss the substance of Costco's contemplated motions *in limine*. We request that this meeting take place no later than March 6, 2014 to comply with the timing set forth in Local Rule 7-3. We sincerely hope that Thomas will stipulate as to some, if not all, of these issues. We look forward to hearing from you.

Sincerely,

SEYFARTH SHAW LLP

Jamie C. Chanin

JCC/dwp

16896179v.2

THIS LETTERHEAD IS PRINTED ON RECYCLED STOCK