RICHARD T. COLLINS, ESQ. (SBN 166577)
rcollins@bergerkahn.com
DAVID B. EZRA, ESQ. (SBN 149779)
dezra@bergerkahn.com
ERIN R. MINDORO, ESQ. (SBN 275780)
emindoro@bergerkahn.com
BERGER KAHN
A Law Corporation
Mail Service:
  Post Office Box 19694
  Irvine, CA  92623-9694
Location:
  2 Park Plaza, Suite 650
  Irvine, California  92614-8516
Tel:  (949) 474-1880  •  Fax:  (949) 474-7265
Attorneys for Plaintiff
SHAD THOMAS

SEYFARTH SHAW LLP
Laura Wilson Shelby (SBN 151870)
lshelby@seyfarth.com
Jamie C. Chanin (SBN 244659)
jchanin@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California  90067-3021
Tel:  (310) 277-7200
Attorneys for Defendant
COSTCO WHOLESALE CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAD THOMAS,<br><br>          Plaintiff,<br><br>vs.<br><br>COSTCO WHOLESALE<br>CORPORATION and DOES 1<br>through 10, inclusive,<br><br>          Defendants. | CASE NO. SACV13-00275 DOC(JPRx)<br><br>[Hon. David O. Carter, Ctrm 9D]<br><br>**PRETRIAL CONFERENCE ORDER**<br><br>Complaint Filed:  1/10/13<br>Trial Date:          3/18/14 |

Following pretrial proceedings, pursuant to Federal Rules of Civil Procedure 16 and Local Rule 16, IT IS ORDERED:

1.  **The parties are**:
    - Plaintiff Shad Thomas
    - Defendant Costco Wholesale Corporation

    Each of these parties has been served and has appeared. All other parties named in the pleadings and not identified in the preceding paragraph are now dismissed.

    The pleadings which raise the issues are:
    - Shad Thomas' Complaint
    - Costco Wholesale Corporation's Answer

2.  **Federal jurisdiction and venue are invoked upon the grounds**:

    The action was filed in Orange County Superior Court and removed by Costco on diversity grounds. Mr. Thomas does not contest federal jurisdiction.

3.  **Trial estimate:** The Court has allotted four days for trial. The Court has limited the time for each side to present its case to 10 hours each.
    - Mr. Thomas will request that his presentation time be increased to 15 hours. Mr. Thomas will detail his request for additional time in a separately filed request.
    - Costco does not object to the 10 hours, and maintains that an increase in Mr. Thomas' presentation time is not necessary.

4.  **The trial is to be a jury trial.** At least three (3) court days prior to the trial date the parties shall file and serve by e-mail, fax or personal delivery: (a) proposed jury instructions as required by L.R. 51-1 and (b) any special questions requested to be asked on voir dire.

5.  **The following facts are admitted and require no proof**:
    - Mr. Thomas began working at Costco in 1992.

- He began working in Costco's Irvine pharmacy in 2000, and became a pharmacy technician in 2003.
- Mr. Thomas asked to leave the pharmacy department in November 2009, but continued working at Costco until August 2012.
- Costco discharged Mr. Thomas on August 15, 2012.

6. The following facts, though stipulated, shall be without prejudice to any evidentiary objection:

The parties are unable to stipulate to specific facts (Costco's pending multiple motions in limine reveal numerous disagreements as to fact and credibility issues so that an agreement at this time is not possible). Costco believes that the parties could stipulate to many additional facts. On March 13, 2014, Mr. Thomas asked Costco to identify the specific facts it would stipulate to. And Mr. Thomas will work with Costco to stipulate to additional facts, if possible.

The parties will not object to the authenticity of documents authored by plaintiff or those authored by defendant (preserving all other objections).

7.

Plaintiff:

(a) Plaintiff plans to pursue the following claims against Costco:
    (1) Whistleblower Protection (Cal. Lab. Code § 1102.5(b))
    (2) Wrongful Termination in Violation of Public Policy
    (3) Punitive Damages

(b) The elements required to establish Plaintiff's claims are:

Plaintiff's Version of Elements:

**Whistleblower Protection (Cal. Lab. Code § 1102.5(b))**
    (1) Costco employed Mr. Thomas;
    (2) Mr. Thomas disclosed to a law enforcement agency that Costco's pharmacy was dispensing controlled substances that

2

Pretrial Conference Order
Case No. SACV 13-00275 DOC (JPRX)

were prescribed without a legitimate purpose and was dispensing controlled substances to drug addicts;

(3) Mr. Thomas had reasonable cause to believe that the information disclosed regarding Costco pharmacy's violation of a federal or state rule or regulation;[1]

(4) That Costco reprimanded, suspended, and discharged Mr. Thomas;

(5) That Mr. Thomas' disclosure of information to law enforcement was a contributing factor in Costco's decision to reprimand, suspend, and discharge Mr. Thomas;

(6) That Mr. Thomas was harmed; and

(7) That Costco's conduct was a substantial factor in causing Mr. Thomas' harm.

(*See* CACI 2730.)

**Wrongful Termination in Violation of Public Policy**

(1) That Mr. Thomas was employed by Costco Wholesale Corporation;

(2) That Costco discharged Mr. Thomas;

---

[1] Although Costco disputes all of Mr. Thomas' accusations, Mr. Thomas complained that Costco's dispensing of highly addictive, inherently dangerous drugs -- violated state rules and statutes, including: a.) Cal. Health & Saf. Code § 11153 - Filling prescriptions for which there is no legitimate medical purpose; b.) Cal. Health & Saf. Code § 11156 and Cal. Bus. & Prof. Code § 4301(i) - Providing a controlled substance to an addict; c.) Cal. Bus. & Prof. Code § 4301(a)-(c) - Unprofessional conduct involving gross immorality, incompetence, or gross negligence; d.) Cal. Bus. & Prof. Code § 4301(f) - Unprofessional conduct involving the commission of any act involving moral turpitude, dishonesty, fraud, deceit, or corruption; e.) Cal. Bus. & Prof. Code § 4301(g) - false representations in writing; and f.) Cal. Bus. & Prof. Code § 4306.5 - The failure to exercise or implement the pharmacist's best professional judgment or corresponding responsibility with regard to the dispensing or furnishing of controlled substances, or with regard to the provision of services, the failure to consult appropriate patient, prescription, and other records pertaining to the performance of any pharmacy function.

3.
    (3)    That Mr. Thomas' disclosure of information to law enforcement and/or Costco management concerning violations of the "Pharmacy Laws,"[2] designed to protect the health and safety of the public, was a substantial motivating reason for Mr. Thomas' discharge;

4.
    (4)    That the discharge caused Mr. Thomas harm.

(*See* CACI 2430.)

Defendant's Version of Elements:

**Whistleblower Protection (Cal. Lab. Code § 1102.5(b))**

(1)    Costco employed Mr. Thomas;

(2)    Mr. Thomas disclosed information to a law enforcement agency about Costco's Irvine pharmacy;

(3)    Mr. Thomas had reasonable cause to believe that the information disclosed regarding Costco's Irvine pharmacy indicated a violation of a federal or state rule or regulation;[3]

(4)    That Costco discharged Mr. Thomas;

(5)    That Mr. Thomas' disclosure of information to law enforcement was a contributing factor in Costco's decision to discharge Mr. Thomas;

(6)    That the discharge of Mr. Thomas would not have occurred for legitimate, independent reasons even if Mr. Thomas had not disclosed the information;

---

[2] *See* footnote 1.

[3] Costco says it will unilaterally stipulate that this element is met and contends that it should not go to the jury for consideration. Mr. Thomas is not obligated to stipulate and cannot even consider stipulating as long as Costco continues to argue that Mr. Thomas was "mistaken" with respect to the problems he observed in Costco's pharmacy. Furthermore, Mr. Thomas contends that, notwithstanding the proposed stipulation, that would not preclude him from introducing evidence of Costco's violations and the effect of such violations on Costco's motive to retaliate against him.

(7) That Mr. Thomas was harmed; and

(8) That Costco's conduct was a substantial factor in causing Mr. Thomas' harm.

(*See* CACI 2730; Labor Code §§ 1102.5(b) and 1102.6.)

**Wrongful Termination in Violation of Public Policy**

(1) That Mr. Thomas was employed by Costco Wholesale Corporation;

(2) That Costco discharged Mr. Thomas;

(3) That Mr. Thomas' complaints about the Costco Irvine pharmacy to law enforcement and/or Costco management were a substantial motivating reason for Mr. Thomas' discharge;

(4) That the discharge caused Mr. Thomas harm.

(*See* CACI 2430.)

(c) In brief, the key evidence Plaintiff relies on for each of the claims is:

The testimony of Mr. Thomas and Costco's employees concerning Mr. Thomas' complaints of violations of rules and regulations, and company policy, and documentary evidence regarding the same will demonstrate that Costco Wholesale Corporation wrongfully discharged Mr. Thomas in retaliation for disclosing to law enforcement agencies and Costco's management that Costco's pharmacy policies and practices allegedly violate numerous state and federal rules and regulations -- regulations designed to protect the health and safety of the public.

It is also a violation of public policy to discharge Mr. Thomas for disclosing these violations to Costco's management and law enforcement officials.

Mr. Thomas claims that Costco acted with malice, fraud, or oppression, justifying punitive damages.

**Defendant:**

(a) Defendant plans to pursue the following counterclaims and affirmative defenses:

Affirmative Defense 1: Legitimate Business Justification (Mixed Motive)[4]

Affirmative Defense 2: Failure to Mitigate Damages

Affirmative Defense 3: Offset

(b) The elements required to establish Defendant's counterclaims and affirmative defense are:

Legitimate Business Justification (Mixed Motive)

1. Even assuming Shad Thomas' complaints were a substantial motivating reason for his discharge, which they were not, Costco had another reason for discharging Thomas, and that reason, standing alone, would have resulted in Costco making the same decision.

*See Harris v. City of Santa Monica*, 56 Cal. 4th 203, 241 (2013).

Failure to mitigate damages

1. Thomas failed to use reasonable efforts to mitigate damages; and
2. The amount by which damages would have been mitigated.

*See* Ninth Circuit Model Jury Instructions, No. 5.3.

Offset

1. Thomas received monetary or other benefits as a result of being removed from his job (e.g., income from new employer).

---

[4] Costco mistakenly added this affirmative defense to the list of defenses it intended to abandon in its Memorandum of Contentions of Fact and Law. Unlike the Pretrial Conference Order, the Memorandum does not supersede the pleadings that govern this case, such as Thomas' Complaint and Costco's Answer. Because Costco originally pleaded this defense in its Answer, and Costco intends to pursue the defense at trial, Costco contends that this defense should be part of the Pretrial Conference Order.

Mr. Thomas contends that Costco made no mistake about abandoning its affirmative defense and it should be bound by the express abandonment decisions it previously announced. Mr. Thomas asks the Court to strike both the business justification defense and Costco's cross-complaint. Costco does not oppose the Court dismissing its cross-complaint.

2. The amount of monetary or other benefits Thomas earned after his termination from Costco.

*See Witt v. Jackson*, 57 Cal. 2d 57 (1961); *Mayer v. Multistate Legal Studies, Inc.*, 52 Cal. App. 4th 1428, 1434 (1997).

(c) In brief, the key evidence Defendant relies on for each counterclaim and affirmative defense is:

<u>Legitimate Business Justification (Mixed Motive)</u>

1. Testimony regarding Shad Thomas' knowing insubordinate conduct from July 27, 2012 through his August 15, 2012 termination and Costco's decision to terminate Mr. Thomas' employment for that reason.

2. Documents related to Shad Thomas' knowing insubordinate conduct from July 27, 2012 through his August 15, 2012 termination and Costco's decision to terminate Mr. Thomas' employment for that reason.

<u>Failure to Mitigate Damages:</u>

1. Thomas' testimony about his job search efforts after his termination from Costco.

2. Documents produced by Thomas and obtained via subpoena evidencing any job search efforts after his termination from Costco.

<u>Offset:</u>

1. Thomas' testimony regarding any monetary or other benefits received after August 11, 2012.

2. Documents produced by Thomas and obtained via subpoena evidencing any payments or other benefits he received after August 11, 2012.

<u>Third Party Plaintiffs and Defendants:</u>

Not applicable.

8.  In view of the admitted facts and the elements required to establish the claims, counterclaims and affirmative defenses, the following issues remain to be tried:

Plaintiff's Version of Issues Remaining for Trial:

**Whistleblower Protection (Cal. Lab. Code § 1102.5)**

(2) Mr. Thomas disclosed to a law enforcement agency that Costco's pharmacy was dispensing controlled substances that were prescribed without a legitimate purpose and was dispensing controlled substances to drug addicts;

(3) Mr. Thomas had reasonable cause to believe that the information disclosed Costco pharmacy's violation of a federal or state rule or regulation;[5]

(5) That Mr. Thomas' disclosure of information to law enforcement was a contributing factor in Costco's decision to reprimand or suspend or discharge Mr. Thomas;

(6) That Mr. Thomas was harmed; and

(7) That Costco's conduct was a substantial factor in causing Mr. Thomas' harm.

(*See* CACI 2730.)

**Wrongful Termination in Violation of Public Policy**

(3) That Mr. Thomas' disclosure of information to law enforcement and/or Costco management concerning violations of the public policy,[6] designed to protect the health and safety of the public, was a substantial motivating reason for Mr. Thomas' discharge;

---

[5] *See* footnote 1.

[6] *See* footnote 1.

(4) That the discharge caused Mr. Thomas harm.

(*See* CACI 2730.)

Defendant's Version of Issues Remaining for Trial:

**Whistleblower Protection (Cal. Lab. Code § 1102.5(b))**

(1) Whether Mr. Thomas disclosed information to a law enforcement agency about Costco's Irvine pharmacy;

(2) Whether Mr. Thomas' disclosure of information to law enforcement was a contributing factor in Costco's decision to discharge Mr. Thomas;

(3) Whether the discharge of Mr. Thomas would not have occurred for legitimate, independent reasons even if Mr. Thomas had not disclosed the information;

(4) Whether Mr. Thomas was harmed; and

(5) Whether Costco's conduct was a substantial factor in causing Mr. Thomas' harm.

(*See* CACI 2730; Labor Code §§ 1102.5(b) and 1102.6.)

**Wrongful Termination in Violation of Public Policy**

(1) Whether Mr. Thomas' complaints about the Costco Irvine pharmacy to law enforcement and/or Costco management were a substantial motivating reason for Mr. Thomas' discharge;

(2) Whether the discharge of Mr. Thomas would have occurred for legitimate, non-retaliatory reasons even if Mr. Thomas had not made the complaints;

(3) Whether the discharge caused Mr. Thomas harm.

(*See* CACI 2430.)

**Damages**

(1) Whether Mr. Thomas is entitled to economic damages and, if so, the amount, taking into consideration failure to mitigate and offset.

(2) Whether Mr. Thomas is entitled to damages for alleged emotional distress.

(3) Whether Mr. Thomas can prove by clear and convincing evidence that a managing agent of Costco engaged in malice, fraud or oppression towards Mr. Thomas.

9. All discovery is complete, other than documents Judge Rosenbluth ordered to be produced on March 18, 2014, which is subject to a motion for review filed by Costco on March 13, 2014, and set for hearing on April 14, 2014.

10. All disclosures under F.R.Civ.P. 26(a)(3) have been made, other than documents Judge Rosenbluth ordered to be produced on March 18, 2014. Costco does not agree that the documents subject to Judge Rosenbluth's Order should be produced in discovery, or should be admitted at trial. *See* Costco's Motion *in Limine* Nos. 2-7, 10.

The parties' joint exhibit list has been filed under separate cover as required by L.R. 16-6.1. Unless all parties agree that an exhibit shall be withdrawn, all exhibits will be admitted without objection at trial, except those exhibits listed below:

Mr. Thomas objects to exhibit 90 on relevancy grounds.

Defendant objects to the following exhibits, which are also subject to its motions *in limine*, on the grounds that they are irrelevant (Fed. R. Evid. 401, 402) and unfairly prejudicial (Fed. R. Evid. 403): 43-46, 60-63, 219, 238-241, 286-295, 298-310. Defendant further objects to Exhibits 43-46 on the ground that Ms. Oppenheimer's opinion is not admissible. Fed. R. Evid. 702.

Defendant also objects to the following exhibits on the ground that they are irrelevant (Fed. R. Evid. 401, 402): 201-203.

11. The parties' witness lists have been filed with the Court.

Only the witnesses identified in the lists will be permitted to testify (other than solely for impeachment).

Mr. Thomas intends to call his witnesses live at trial, and intends to use deposition testimony only for impeachment. Mr. Thomas asks the Court to order all Costco witnesses to appear for trial pursuant to an agreement *in lieu* of subpoenas.

Costco believes that testimony of a number of witnesses should be introduced by videotaped deposition testimony, rather than live testimony.

12. The following law and motion matters and motions *in limine*, and no others, are pending or contemplated:

Costco has filed the following motions *in limine*:

(1) MIL #1 to Exclude Evidence of Costco's Financial Condition
(2) MIL #2 to Exclude Evidence of Alleged Unlawful Pharmacy Practices
(3) MIL #3 to Exclude Fred G. Weissman's Testimony
(4) MIL #4 to Exclude Evidence of Complaints by Others and Testimony of Employees in Other Pharmacies
(5) MIL #5 to Exclude Evidence of Subsequent DEA Investigations
(6) MIL #6 to Exclude Evidence of Criminal Charges and Convictions of Doctors and Related License Issues
(7) MIL #7 to Exclude Evidence and Testimony of Remedial Changes to Costco's Pharmacy Policies
(8) MIL #8 to Exclude Amy Oppenheimer's Testimony
(9) MIL #9 to Exclude Evidence of Alleged "Secret Files"

(10) MIL #10 to Exclude Evidence re: Prescription Dispensing Errors (filed on March 12, 2014, Mr. Thomas has not had an opportunity to file his opposition.)

Mr. Thomas has filed oppositions to MIL nos. 1-9.

On March 13, 2014, Costco filed a motion for review regarding Judge Rosenbluth's Order requiring production of various documents. That motion is set for hearing on April 14, 2014. Mr. Thomas has not yet had an opportunity to file/oppose this motion.

13. Bifurcation of the following issues for trial is ordered:

Mr. Thomas argues that the Federal Rule of Civil Procedure 42(b), bifurcation is not mandatory, but instead must be justified by the moving party.

Costco moved (as part of its motion *in limine*) to bifurcate the punitive damages phase from trial under California Civil Code Section 3295. *See* Costco's Motion *in Limine* No. 1.

14. The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues remaining to be litigated, this Final Pretrial Conference Order shall supersede the pleadings and govern the course of the trial of this cause, unless modified to prevent manifest injustice.

DATED: March____, 2014.    _____

UNITED STATES DISTRICT JUDGE

12

Pretrial Conference Order
Case No. SACV 13-00275 DOC (JPRX)

Approved as to form and content:

DATED: March 13, 2014              BERGER KAHN, A Law Corporation

                                   By: /s/
                                   RICHARD T. COLLINS, ESQ.
                                   DAVID B. EZRA, ESQ.
                                   ERIN R. MINDORO, ESQ.
                                   Attorneys for Plaintiff
                                   SHAD THOMAS

DATED: March 13, 2014              SEYFARTH SHAW LLP

                                   By:
                                   LAURA WILSON SHELBY
                                   JAMIE C. CHANIN
                                   Attorneys for Defendant
                                   COSTCO WHOLESALE
                                   CORPORATION