O

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

|  |  |
|---|---|
| SHAD THOMAS, | ) Case No.: SACV 13-0275 (JPRx) |
|     Plaintiff, | ) |
| | ) |
|     vs. | ) ORDER DENYING MOTION FOR |
| | ) ATTORNEYS' FEES AND MOTION |
| COSTCO WHOLESALE | ) FOR SANCTIONS [160] [162] |
| CORPORATION, | ) |
|     Defendants. | ) |
| | ) |

    Before the Court is Plaintiff Shad Thomas' ("Mr. Thomas'") Motion for Attorney Fees ("Attorneys' Fees Motion") (Dkt. 160) and Defendant Costco Wholesale Corporation's ("Costco's") Motion for Sanctions ("Sanctions Motions") (Dkt. 162). Having considered the motions, oppositions, replies, and exhibits attached thereto, the Court hereby DENIES both motions.

## I.      BACKGROUND

The facts of this case were explained in detail in the Court's order denying Costco's motion for summary judgment.  *See* Order, March 3, 2014 (Dkt. 44).  Accordingly, the Court will not recite them here.

Since then, the Court held a four-day jury trial.  *See* Minutes, March 25, 2014 (Dkt. 113).  The jury found in favor of Costco—and against Plaintiff Mr. Thomas—on all of Mr. Thomas' claims.  *See* Verdict (Dkt. 120).

Mr. Thomas now argues that—notwithstanding the verdict—he prevailed and, therefore, is entitled to attorneys' fees.  *See generally* Attorneys' Fees Motion.  Costco, believing the Attorneys' Fees Motion to be frivolous, moves for sanctions.  *See generally* Sanctions Motion.

## II.     DISCUSSION

### A. Attorneys' Fees Motion

The California Code of Civil Procedure provides the following as to "attorney fees in cases resulting in public benefit":

> Upon motion, a court may award attorneys' fees to a *successful party* against one or more opposing parties in any action which has resulted in the enforcement of an important right affecting the public interest if: (a) a significant benefit, whether pecuniary or nonpecuniary, has been conferred on the general public or a large class of persons, (b) the necessity and financial burden of private enforcement, or of enforcement by one public entity against another public entity, are such as to make the award appropriate, and (c) such fees should not in the interest of justice be paid out of the recovery, if any.

Cal. Code Civ. Proc. § 1021.5 (emphasis added).

Courts are instructed to "take[] a broad, pragmatic view of what constitutes a 'successful party.'"  *Graham v. DaimlerChrysler Corp.*, 34 Cal. 4th 553, 565 (2004).  A plaintiff can be a "successful party" even if the "legal action does not result in a favorable final judgment."  *Id.* (citing *Westside Cmty. for Indep. Living, Inc. v. Obledo*, 33 Cal. 3d 348, 352 (1983)).  In *Westside Community*, the California Supreme Court endorsed the "catalyst theory," in which

1  courts look to the practical impact of the public interest litigation in order to determine whether
2  a party was "successful."  33 Cal. 3d at 352.  Under the "catalyst theory," the plaintiff must
3  establish "(1) [that] the lawsuit was a catalyst motivating the defendants to provide the primary
4  relief sought; (2) that the lawsuit had merit and achieved its catalytic effect by threat of victory
5  . . . ; and (3) that the plaintiffs reasonably attempted to settle the litigation prior to filing the
6  lawsuit."  *Tipton-Whittingham v. City of Los Angeles*, 34 Cal. 4th 604, 608 (2004).

7      Mr. Thomas applies an expansive gloss to the "catalyst theory."  In short, he argues that
8  a plaintiff who seeks damages for being unlawfully terminated, but loses on all claims after a
9  full jury trial, is still the "successful party" if the defendant made some policy changes that
10  were related to—but not sought by—the unlawful termination lawsuit.  The Court disagrees.

11      The central question is: was Mr. Thomas' lawsuit a catalyst for change?  *Id.* at 567
12  (citing *Folsom v. Butte Cnty. Assn. of Gov'ts*, 32 Cal. 3d 668, 685 (1982)) ("In determining
13  whether a plaintiff is a successful party for purposes of section 1021.5, 'the critical fact is the
14  impact of the action, not the manner of its resolution.'").  The Court answers 'no'.

15      Mr. Thomas insists, at length, that he was subjectively motivated to "file his lawsuit
16  because he wanted Costco's pharmacy to stop its illegal dispensing practices."  Attorneys' Fees
17  Mot. at 6-9; Reply 8-12.  This subjective motivation, however, has no bearing on whether his
18  *lawsuit actually* changed Costco's drug dispensing practices.

19      California law is clear that the question is whether the lawsuit, not the plaintiff's general
20  hopes for the lawsuit, was a catalyst for change.  For example, in *Graham*, the California
21  Supreme Court focused its inquiry on whether the "plaintiffs' *lawsuit* was a catalyst motivating
22  defendants to provide the primary relief sought . . . ."  34 Cal. 4th at 567 (quotations and
23  citations omitted) (emphasis added); *see also Tipton-Whittingham*, 34 Cal. 4th at 608.  The
24  California appellate courts have further clarified that, "a plaintiff is a 'successful party'
25  *whenever it obtains the relief sought in its lawsuit*, regardless of whether that relief is obtained
26  'through a voluntary change in the defendant's conduct, through a settlement, or otherwise.'"
27  *Hogar Dulce Hogar v. Cmty. Dev. Com.*, 157 Cal. App. 4th 1358, 1365 (2007) (quoting
28  *Graham*, 34 Cal. 4th at 567) (emphasis added).

Mr. Thomas' lawsuit was ostensibly—but not actually—about Costco's pharmacy practices.  Rather, the relief sought by Mr. Thomas' lawsuit had to do with Costco's employment practices.  He asserted three claims against Costco: wrongful termination in violation of public policy, retaliation in violation of California Labor Code section 1102.5, and age discrimination.  *See generally* Ntc. of Removal, Ex. A ("Complaint" or "Compl.").  The gravamen of his complaint was that Costco unlawfully terminated him and the relief sought by the complaint was damages.  *See id.*  If, in response to Mr. Thomas' lawsuit, Costco changed its policies regarding employee discipline or termination, then he would have a plausible argument that his suit was a catalyst for that change.  For example, if Costco changed its employment policies to permit employees to wear t-shirts bearing controversial statements, such as Mr. Thomas' "PILLS KILL" t-shirt, then Mr. Thomas' argument would have legs to stand on.  But here, even if the Court assumed that Costco's pharmacy practices changed between the filing of the complaint and the final verdict, Mr. Thomas cannot avoid the fact that his *lawsuit* did not seek relief in the form of changes to Costco's pharmacy practices.

By contrast, each of Mr. Thomas' cited cases involve lawsuits that sought relief germane—if not identical—to the relief that was ultimately achieved.  *See, e.g.*, *Graham*, 34 Cal. 4th at 567 (plaintiff was the "successful party" when the lawsuit sought to enjoin an automobile company to repurchase falsely marketed trucks, and the company offered to repurchase the falsely marketed trucks prior to final judgment); *Westside Cmty.*, 33 Cal. 3d at 348 (plaintiff was not the "successful party" when the lawsuit sought a writ of mandate to order a state agency to issue final regulations, only because the agency would have issued the final regulations regardless of the lawsuit); *Hogar*, Cal. App. 4th at 1365 (plaintiff was the "successful party" when the lawsuit sought to enjoin a city agency to change the manner in which it calculated funding, and the agency stipulated to make those changes); *Henderson v. J.M. Smucker Co.*, No. CV 10-4524-GHK, 2013 U.S. Dist. LEXIS 87030 (C.D. Cal. June 19, 2013) (plaintiff was the "successful party" when the lawsuit sought damages for the false advertising of food products, and the food company made changes to its advertising despite the fact that plaintiff's lawsuit was dismissed on procedural grounds).

1    A lawsuit cannot be the catalyst for change, if the change is not germane to the relief

2 sought in the lawsuit.  *See Graham*, 34 Cal. 4th at 567 (holding that a plaintiff is "successful"

3 only if his "lawsuit was a catalyst motivating defendants to provide the primary relief sought");

4 *Hogar*, 157 Cal. App. 4th at 1365 ("[A] plaintiff is a 'successful party' whenever it obtains the

5 relief sought in its lawsuit").  Here, Costco allegedly changed its drug-dispensing policies, but

6 Mr. Thomas' lawsuit did not seek changes to Costco's drug-dispensing policies.  *See generally*

7 Compl.  Therefore, he is not the "successful party" and is not entitled to attorneys' fees.[1]

8    Accordingly, the Attorneys' Fees Motion is DENIED.[2]

9   **B.  Costco's Motion for Sanctions**

10    Under 28 U.S.C. § 1927, a court may impose attorneys' fees as sanctions against any

11 lawyer who "multiplies the proceedings . . . unreasonably and vexatiously . . . to satisfy

12 personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such

13 conduct."  Sanctions under § 1927 are warranted when there is recklessness or bad faith.

14 *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1107 (9th Cir. 2002); *see also Fink v. Gomez*, 239

15 F.3d 989, 991-92 (9th Cir. 2001) (assessing "bad faith" under a subjective standard and

16 including a range of "willful improper conduct").  Bad faith is found "when an attorney

17 knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the

18 purpose of harassing an opponent."  *B.K.B.*, 276 F.3d at 1107 (citing *In re Keegan Mgmt. Co.,*

19 *Sec. Litig.*, 78 F.3d 431, 436 (9th Cir. 1996)); *accord Primus Auto. Fin. Servs., Inc. v. Batarse*,

20 115 F.3d 644, 649 (9th Cir. 1997) (holding that sanctions are proper when a party pursues

---

[1] The Court also rejects Mr. Thomas' pro forma argument that he is entitled to attorneys' fees under *Harris v. City of Santa Monica*, 56 Cal. App. 4th 203 (2013).  Under *Harris*, a plaintiff may be entitled to attorneys' fees if he or she has "*shown by a preponderance of the evidence* that discrimination was a substantial factor motivating his or her termination."  *Id.* at 241 (emphasis added).  Parties stipulated to a general verdict form and, therefore, the Court cannot determine whether Mr. Thomas made such a showing.  *See* Verdict (Dkt. 20).

[2] The Attorneys' Fees Motion also includes a Request for the Court to deem Mr. Thomas the prevailing party on Costco's cross-complaint, which appears to have been abandoned.  Under Local Rule 54-1, "[w]hen a case is dismissed or otherwise terminated voluntarily, the Court *may*, upon request, determine the prevailing party."  (Emphasis added.)  The Court declines to exercise its discretion to declare Mr. Thomas the prevailing party.  "Costco made the strategic decision not to pursue its Cross-Complaint at trial, so that the jury would not be distracted from the central issue in the case (the reason for Plaintiff's termination)."  Opp'n at 1.  This is enough to convince the Court to find that no prevailing-party determination should be made on the cross-complaint.  Therefore, Mr. Thomas' request is DENIED.

claims that are "clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose").

In addition, a court may sanction parties as part of its inherent power "to manage its own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. Nasco, Inc.*, 501 U.S. 32, 43 (1991). In such cases, a court may assess attorneys' fees and costs against an attorney who has continued an action "in bad faith, vexatiously, wantonly, or for oppressive reasons." *Id.* at 45-46.

Costco argues that sanctions are warranted because Mr. Thomas' Attorneys' Fees Motion is unsupported by fact and law. *See generally* Sanctions Motion. The Court disagrees.

Mr. Thomas' Attorneys' Fees Motion is not "clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose." *Primus*, 115 F.3d at 649. Without a further showing that Mr. Thomas brought the Attorneys' Fees Motion solely to harass Costco, the Court will not sanction a party for positing a legally colorable—but wholly untenable—argument.

Accordingly, the Sanctions Motion is DENIED.

## III.   DISPOSITION

For the reasons explained above, the Court hereby DENIES both Mr. Thomas' Attorneys' Fees Motion and Costco's Sanctions Motion. Furthermore, the Court DENIES Mr. Thomas' Request for Determination of Prevailing Party with Respect to Costco's Cross-Complaint.

DATED:      May 30, 2014

*David O. Carter*

_____
DAVID O. CARTER
UNITED STATES DISTRICT JUDGE